**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| TARECO PROPERTIES, INC. | § | |
| | § | |
| V. | § | **CASE NO. 6:07-CV-181** |
| | § | |
| THOMAS MCLEAN MORRISS, et al. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The above entitled and numbered civil action was referred to United States Magistrate Judge

John D. Love pursuant to 28 U.S.C. § 636.  The Report and Recommendation of the Magistrate

Judge, which contains his proposed findings of fact and recommendations for resolution of the

present dispute, has been presented for consideration (Doc. No. 156).  Plaintiff filed objections to

the Report and Recommendation.  The Court is of the opinion that the ultimate conclusion of the

Report and Recommendation is correct, and therefore the Court adopts all portions of the Magistrate

Judge's analysis and conclusions discussed in this order as the conclusions of this Court.

**BACKGROUND AND ANALYSIS**

From the outset, Tareco has been less than diligent in litigating its case.  As noted by

Defendants in their motion for summary judgment (Doc. No. 136):

> "Plaintiff has not sent any interrogatories, requests for production, or
> requests for admission to any Defendant.  Plaintiff has not taken a
> single deposition.  Defendants separately served interrogatories on
> Plaintiff on September 25 and October 1, 5, and 8.  Plaintiff never
> responded and its deadline for doing so has expired.  Defendants
> separately served requests for admission on Plaintiff on September 29
> and October 5 and 8.  Again, Plaintiff never responded and its
> deadline for doing so has expired.  On November 2, Defendants
> attempted to take the deposition of Plaintiff's representative.  When
> he refused to answer certain questions, a discovery hotline call was
> placed.  After the Court ordered the representative to answer the

> questions, he refused to proceed on any subject and walked out of the deposition."

Def.'s Joint Mot. For Summ. J. at 27-28.  Defendants' characterization of Tareco's approach to the case held true even after Defendants filed their motion for summary judgment.  Tareco's deadline to respond to the motion for summary judgment was initially November 26, 2007.  On November 27, Tareco filed a motion seeking to reschedule its response deadline.  The Court granted Tareco until December 3, 2007 to file its already late response.  Though it was given a second chance to file a response at the appropriate deadline, Tareco did not file its response until December 6, 2007, and the response that was ultimately filed was deficient in a number of respects (discussed later herein).  In addition to the twice late response, Tareco also did not respond to or address objections Defendants raised to the affidavits attached to Tareco's response.  Finally, as of entry of the Report and Recommendation, Tareco still had not responded to Defendants' requests for admission.  It is against this backdrop that the Magistrate Judge crafted his recommendation of summary judgment for Defendants.

Tareco's failures to respond to discovery requests, motions, and objections led the Magistrate Judge to two evidentiary rulings Tareco now opposes for the first time: (1) that the requests for admission served by Defendants were deemed admitted after Tareco failed to respond during the appropriate time frame[1], and (2) that the Defendants' objections to Tareco's affidavits attached to its response to the motion for summary judgment were both unopposed and meritorious.  In addition

---

[1]

    The issue of the deemed admissions did arise at the summary judgment hearing, and Tareco asserted the same arguments at the hearing they assert now.  However, Tareco never presented the Magistrate Judge with a motion to withdraw or formal objection to rule upon regarding the deemed admissions, whether at the summary judgment hearing or otherwise, and therefore Tareco is actually formally objecting to the deemed admissions for the first time in its objections to the Report and Recommendation.

to objections to the evidentiary rulings, Tareco also claims it has raised a genuine issue of material fact as to the existence of transfers and intent to defraud under the Texas Uniform Fraudulent Transfer Act (hereinafter "TUFTA") based on the testimony in the attached affidavits, and therefore granting summary judgment would be inappropriate.  Finally, Tareco also argues it has sufficiently pled an alter ego theory, and provided sufficient evidence in support thereof to allow its claims to proceed against the entities in the case.

With the exception of the finding as to whether Tareco properly pled alter ego, Tareco's objections as discussed herein are without merit, and are therefore **OVERRULED**.

## I.     Deemed Admissions

Defendants separately served requests for admission on Tareco on October 5 and October 8.  As of the issuance of this order, Tareco still has not responded to the requests for admission, nor has it moved to have the deemed admissions withdrawn.  Instead, Tareco objects on the grounds that the Court did not issue an order requiring Tareco to respond.  Tareco also argues that it was not required to respond since the response deadlines for the requests for admission both came after the discovery deadline of October 29, 2007.

Under Rule 36(a) of the Federal Rules of Civil Procedure, litigants may request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact.  *Le v. The Cheesecake Factory Rest., Inc.* 2005 WL 2266610, at *5 (S.D. Tex. 2005).  Requests for admission are deemed admitted if not answered or objected to within 30 days.  *Hulsey v. State of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991).  Rule 36 is self-executing, and therefore no court intervention is required for an admission to be established.  *Curtis v. State Farm Lloyds*, 2004 WL 1621700, at *4 (S.D. Tex. 2004).  Any matter admitted under Rule 36 is conclusively established

3

unless the court on motion permits withdrawal or amendment of the admission.  *Armour v. Knowles*, 512 F.3d 147, 154 n.13 (5th Cir. 2007).  Any deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b), and "[a]n admission [under Rule 36] that is not withdrawn or amended cannot be rebutted by contrary testimony."  *Am. Auto. Ass'n v. AAA Legal Clinic*, 930 F.2d 1117, 1120 (5th Cir. 1991).  Under Rule 56 of the Federal Rules of Civil Procedure, admissions on file can be an appropriate basis for granting summary judgment.  *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001).

Recognizing Tareco's failure to respond, the Report and Recommendation notes that the requests for admission were therefore deemed admitted in accordance with Rule 36.  The Court finds nothing improper with the Magistrate Judge's conclusion that the requests for admission were automatically deemed admitted when they were not responded to at the close of the 30 day deadline. Without a motion to withdraw in accordance with Rule 36(b), which Tareco has not filed, the deemed admissions are conclusively established, cannot be rebutted, and are a proper basis for granting summary judgment.

By failing to respond to the requests for admission, Tareco admitted, among other things, that: "[a]fter April 17, 2002, Steve Morriss did not transfer any property he owned to Bud Morriss, T.M. Morriss, Inc., or T.M. Morriss Family, L.P."  Def.'s Notice of Deemed Admis. at 1; (Doc. No. 145).  In order to satisfy the statute underlying Tareco's claims, Tareco must provide evidence of a number of requirements, but chief among them are transfers of a debtor's assets of some sort. TUFTA defines the term "asset" as "property of a debtor," so while the request for admission states that Steve Morriss did not transfer any "property," by definition that means he also did not transfer an "asset" to any of the Defendants listed.  The April 17, 2002 date in the deemed admission covers

4

the entire time period for all relevant statutes of limitations.  Even taking the evidence in the light most favorable to Tareco, Tareco cannot satisfy any of its claims without a transfer of an asset by the debtor, and there is therefore no genuine issue of material fact before the Court.[2]  Accordingly, entering summary judgment in favor of Defendants Bud Morriss, T.M. Morriss, Inc., and T.M. Morriss Family, L.P.  is proper on the basis of the deemed admissions.[3]  *See Murrell v. Casterline*, 2008 WL 822237, at *2 (5th Cir. 2008).  It should be noted that the deemed admissions are not the *only* basis on which summary judgment is appropriate in this case, but the admissions are a proper basis for summary judgment on their own.

Tareco objects to the deemed admissions on the grounds that it was not required to respond by any Court order.  However, Rule 36 is self-executing, and no court intervention is required for an admission to be established.  *Curtis*, 2004 WL 1621700, at *4.  Court intervention is required to *withdraw* the deemed admissions, but not to establish them.

Tareco also claims that it was not required to respond to the requests for admissions because the deadline to respond to the requests fell after the discovery deadline.  Tareco cites no authority to support its position.  Whether or not requests for admissions are subject to the discovery deadline, Rule 36 states in no uncertain terms that "[t]he matter is admitted unless, within 30 days after service of the request,...the party to whom the request is directed serves upon the party requesting the

---

[2] Steve Morriss is the debtor in this case.

[3] Regarding Karen Morriss, the only other Defendant taking part in the joint summary judgment motion before the Court, Tareco has not presented any evidence linking her to transfers of assets.  Entering summary judgment for Karen Morriss is therefore appropriate as well based on the lack of genuine issues of material fact.

Tareco stipulated to the dismissal of a number of other Defendants in the case with prejudice, including former Defendants William Sheehy and Wilson Sheehy Knowles Robertson & Cornelius, PC (Doc. Nos. 132, 138), and former Defendants Tom Koehler, Buddy Siebenlist, the Consortium Firm, Inc., First Lindale Development, LLC, Lindale Prime Land Source, LP, and Thedford Crossing Management, LLC (Doc. No. 133).

admission *a written answer or objection addressed to the matter*." FED. R. CIV. P. 36(a) (emphasis

added).  Tareco did not object within the thirty day deadline to do so.  Moreover, Tareco did not raise

objections at all before its objections to the Report and Recommendation, despite a number of

reminders of the issue during the course of litigation.  Defendants served the requests for admissions

on October 5 and October 8 of 2007.  On November 11, 2007 (past Rule 36's allotted thirty day

response time for the requests for admissions), Defendants filed their motion for summary judgment.

On November 27, 2007, the same day the Court issued an order granting Tareco extra time to

respond to the motion for summary judgment, Defendants filed a notice of the deemed admissions

based on Tareco's failure to respond.  Therefore, not only did Tareco fail to timely object to the

requests for admission within the original time constraints, it also chose not to object or respond

when notified again by Defendants of the deemed admissions almost two months after the requests

were served.  By operation of Rule 36, the requests were deemed admitted prior to the time

Defendants filed their motion for summary judgment, and yet Tareco also did not address the

deemed admissions in its response, despite the extra time to respond and the notification of the

deemed admissions.  The issue of the deemed admissions arose again at the hearing on the motion

for summary judgment, and Tareco again did not formally object to the deemed admissions in the

context of the summary judgment motion.  The hearing was held on the same day as Defendants filed

their reply to Tareco's response, and yet, after being reminded of the deemed admissions for at least

the third time at the summary judgment hearing (and the Court's consideration of the admissions'

effect), Tareco chose not to file a sur-reply to object to the deemed admissions being considered in

the Court's ruling on the motion.  Tareco also chose not to file a motion to withdraw the deemed

admissions prior to the issuance of the Report and Recommendation.

Tareco's argument, that it did not need to respond to the requests for admissions because the responses would not have been due prior to the close of discovery, is an attempt to end-run the effects of Rule 36.  Proper diligence on Tareco's part would have consisted of either raising its objections during Rule 36's allotted response time or seeking the Court's clarification on whether it needed to respond to the requests during that period.  This is particularly true since Tareco's argument has at best an uncertain foundation in the case law, and the Fifth Circuit has stated that Rule 36 is not a discovery device.  *See Pickens v. Equitable Life Assurance Soc'y of the U.S.*, 413 F.2d 1390, 1393 (5th Cir. 1969).  This is not an eleventh hour situation where Defendants served the requests a day or two before trial or any other  deadline and required Tareco to respond on short notice.  Tareco had ample time and a number of opportunities to object if it felt it did not need to answer the requests.  It failed to do so.  Without timely objections, and without a motion to withdraw the deemed admissions, the Magistrate Judge properly acknowledged the application and effect of Rule 36.[4]  Tareco cannot object to the requests for admissions formally for the first time in its objection to the Report and Recommendation.  *See Cupit v. Whitley*, 28 F.3d 523, 535 n.5 (5th Cir. 1994).  Even if Tareco could properly object now, its objection is without merit.  Therefore, Tareco's objections to the deemed admissions are OVERRULED.

## II.    Evidence of Transfers From a Debtor

In order to satisfy the statutory requirements of a TUFTA claim, Tareco must first present evidence of transfers of assets from a debtor before it can proceed to attempt to prove the other

---

[4]

The Report and Recommendation was not recommending that the requests for admission be deemed admitted, nor was the Magistrate Judge making a ruling deeming the requests admitted therein. With Rule 36 being self-executing, the requests were deemed admitted at the expiration of the thirty day deadline after service without the necessity of a Court ruling.

elements of the statute (including intent to defraud).  As noted in the deemed admissions section, Tareco's deemed admission that there were no transfers of Steve Morriss's property after April 17, 2002 means it cannot satisfy the most basic element of a TUFTA claim within the statute of limitations.  The Magistrate Judge went on to examine the entirety of Tareco's evidence beyond the deemed admissions however, and concluded that Tareco had presented no evidence of transfers within the proper timelines of the relevant statutes of limitations.  The Court agrees with the Report and Recommendation, and adopts its conclusions herein.  There are a number of problems with Tareco's presentation of its case, including that it presented no evidence showing the entities in the case were the alter ego of Steve Morriss (the only possible debtor), it provided conclusory affidavits and deposition testimony as its only support, and ultimately presented only the merest scintilla of evidence to support its claims.

### A.      Alter Ego

Underlying all of the statutory sections Tareco asserted is the need for a debtor to transfer assets.  The debtor in this case is Steve Morriss.  Rather than name Steve Morriss as a Defendant, Tareco chose to proceed against his family members and certain entities of which those family members are trustees.  Tareco cannot recover against any of these individuals or entities unless it can somehow tie them to transfers of Steve Morriss's (as the only debtor) assets.  Tareco claims it alleged the T.M. Morriss Family Limited Partnership and T.M. Morriss Inc. are the alter egos of Steve Morriss in its complaint, and that every transfer from those entities constitute transfers of Steve Morriss's property.  Whether or not Tareco sufficiently pled alter ego or piercing the corporate veil or any other similar theory, Tareco has presented no credible evidence satisfying such a theory. In Texas, alter ego "is shown from the total dealings of the [entity] and the individual, including the

degree to which. . . corporate and individual property have been kept separately, the amount of financial interest, ownership and control the individual maintains over the corporation, and whether the corporation has been used for personal purposes." *Aluminum Chem. (Bolivia), Inc. v. Bechtel Corp.*, 28 S.W.3d 64, 67 (Tex.App.-Texarkana 2000, no pet.).  Tareco presented only conclusory and unsupported allegations as evidence of its alter ego showing.  Without some factual finding that the Defendant entities are in fact the alter ego of Steve Morriss, the entities cannot be considered a debtor, and therefore any transfers out of the entities are not sufficient to satisfy the appropriate TUFTA statutes.  Accordingly, the Report and Recommendation was correct to suggest granting summary judgment on such grounds.

### B.    Attached Affidavits and Depositions

In addition to not being able to show the Defendants were transferring the assets of the debtor, Tareco failed to present any credible evidence of transfers or intent to defraud.  Tareco relies exclusively on two affidavits and one portion of a deposition transcript attached to its response as its evidence of the existence of transfers of Steve Morriss's assets and intent to defraud Tareco through those transfers.  In their reply, Defendants objected to the affidavit of Scott Brown and the exhibits attached thereto as irrelevant, speculative, hearsay, and not properly authenticated. Defendants also objected to the deposition testimony of David Lowry, which was taken from a prior proceeding, as irrelevant and hearsay.  Tareco did not respond to the objections.  The Magistrate Judge addressed and sustained the hearsay objections to the Brown affidavit in the Report and Recommendation, but still considered the contents of the affidavit when concluding summary judgment should still be granted for Defendants.  The Magistrate Judge did not err in sustaining Defendants' objections, and was also correct in finding the affidavits and deposition provide

9

insufficient support for Tareco to survive summary judgment.

At the outset of the Brown affidavit, Brown explains that he is a former business partner of Steve Morriss whose business relationship with Morriss "has deteriorated to the point that we are now engaged in multiple lawsuits as a result of what I consider to be fraud on the part of Steve Morriss." Brown. Aff. ¶ 2.  The Brown affidavit goes on to assert that "[a]s far as [Brown and Morriss's business entity Corrigan] was concerned the TM Morriss Family Limited Partnership was the alter ego of, and was one and the same as, Steve Morriss, having been created solely to hide his, Steve Morriss', assets from his creditors."  Brown Aff. ¶ 5.  Brown reiterates his legal conclusion that, "based on Steve Morriss' representations to [Brown]," the T.M. Morriss Family Limited Partnership is the alter ego of Steve Morriss throughout the affidavit.[5]  *See* Brown Aff. ¶¶ 4-7, 9. The Court agrees with Defendants and the Magistrate Judge that the Brown affidavit contains legal conclusions, speculation, lack of personal knowledge, and conclusory allegations.  What remains of the affidavit beyond the conclusory allegations does not raise genuine issues of material fact as to the existence of transfers of assets by Steve Morriss or the intent to defraud through such transfers. Even when considered in its entirety, the legal conclusions and conclusory allegations in the affidavit do not create genuine issues of material fact that defeat a motion for summary judgment.  *See Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 324 (5th Cir. 1998).

Tareco's other piece of evidence, the Lowry deposition, has very little probative value for what Tareco purports it to exhibit, which is primarily evidence of intent to defraud.   In the deposition, Lowry initially says the T.M. Morriss Family Limited Partnership was created to shield

---

[5] Brown's conclusory assertion appears to be the entirety of the evidence Tareco relies upon for its alter ego showing, which as the Court discussed, is insufficient.

10

Steve Morriss's assets from creditors.  Lowry claimed to be basing his assertion on the statements

of Steve Morriss.  Later questioning revealed that it was merely Lowry's assumption that Morriss

was setting up these entities to evade creditors.  When questioned as to what he actually heard

Morriss say regarding the Family Limited Partnership and the Family Trust, Lowry conceded he

actually only heard Morriss say "he was setting up the limited partnership to put assets in because

it would be difficult for anybody to break the trust."  Lowry Dep. at 22:5-9 (02/26/07), *F.D.I.C. v.

Gold Park Dev. P'ship*, 6:00-mc-24 (E.D. Tex. 2007).  Given that was essentially the entirety of the

deposition transcript provided to the Court, Lowry's deposition ultimately provides no credible

evidence of intent to defraud creditors or evidence of transfers of assets.

For the reasons discussed herein, Tareco has presented no credible evidence of transfers of

assets or intent to defraud.  Therefore, the Court finds the ultimate conclusions of the Magistrate

Judge to be correct: whether the objections are sustained or not, the affidavit and deposition

testimony do not raise any genuine issues of material fact when fully credited and weighed in the

Court's analysis.  Tareco's objections are OVERRULED.

### C.     Other Evidence of Transfers and Intent

Tareco argues in its objections that it presented evidence of one transfer and intent to

defraud.[6]  In the Brown affidavit, Brown states that he reached agreement to purchase Steve

Morriss's interest in a business partnership for a promissory note in the amount of $404,430.65 on

December 22, 2005.  Brown asserts in his affidavit that "[a]s part of the buy-out, Steve Morriss

---

[6]

Tareco's argument discussed in this section regarding the promissory note was not fleshed out at all in its
response before the Magistrate Judge.  Tareco did cite generally to the Brown affidavit when making its allegation of
transfers, but it did not point to the sections discussed herein.

insisted that we make the note payable to his father, T.M. Morris, Trustee, because he did not want assets in his individual name in order to hide assets from his creditors."  Brown Aff. ¶ 6.  Bud Morriss provided an affidavit stating he and Steve Morriss (his son) agreed on March 15, 2006 that Bud Morriss "would receive a share of the cash and promissory note as payments on unpaid loans I had made and money I had advanced to Steve Morriss before March 15, 2006." Morriss. Aff. ¶ 19. Based on this assertion, the Magistrate Judge concluded that, to the extent it can be considered a transfer under TUFTA, the portion of the money discussed was to an insider for an antecedent debt, and therefore the one year statute of limitations barred Tareco from presenting the claim.  Tareco argues the transfer was made with intent to defraud creditors, not payment on an antecedent debt, but offers no support for its assertion beyond the one paragraph of the Brown affidavit.  Tareco argues that because the "transfer" was allegedly made with intent to defraud creditors, Tareco should also be allowed to proceed on this "transfer" under other TUFTA sections with different statutory requirements and with a four year statute of limitations.

To prove intent, Tareco wholly relies upon this one paragraph of Brown's affidavit.  *See* Brown Aff. ¶ 6 ("As part of the buy-out, Steve Morriss insisted that we make the note payable to his father, T.M. Morris, Trustee, because he did not want assets in his individual name in order to hide assets from his creditors").  The only Defendant implicated in the pertinent paragraph of the Brown affidavit is Bud Morriss.[7]  On reading Brown's statement, it is impossible to determine if Brown is saying Steve Morriss told Brown he wanted to hide his assets from creditors by having the promissory note made out to his father, or if Brown is merely reiterating his conclusory allegation

---

[7]

Tareco presented no credible evidence indicating any of the other Defendants were involved in any sort of intent to defraud.

(made often throughout the affidavit) that he believed that was Morriss's intent.  Interpreted either way, this quote provides only a mere scintilla of evidence of intent to defraud.  The statement itself is subject to substantial doubt given Brown's conclusory assertion throughout the affidavit that he believed it was Morriss's purpose to defraud based on alleged unquoted statements of Morriss.  In the context of a motion for summary judgment, the nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).  Tareco's "evidence" of transfers and intent to defraud ultimately is not enough to satisfy the summary judgment standard, and accordingly, granting summary judgment is appropriate for Defendants.

## III.   Insufficiency of Response

Tareco failed to comply with a Court order setting its deadline to respond to the motion for summary judgment on December 3, 2007.  When Tareco had not filed its response by December 3, its response was late for the second time.[8]  Under Local Rule CV-7(d), the Magistrate Judge could have chosen to view Defendants' motion for summary judgment as unopposed at that time.  Rather than treat the motion as unopposed, the Magistrate Judge considered Tareco's twice-late response. The response Tareco ultimately filed was wholly insufficient.

Tareco's response includes one double-spaced page of discussion on the existence of fraudulent transfers, the critical issue in this case, and all of the discussion is conclusory and vague. Tareco even admits in the response "it is not in a position at this time to provide the Court with an

---

[8]

The response was initially due November 26, 2007.  On November 27, Tareco moved for an extension of the response deadline, which the Court granted.

13

itemized list of such transfers, but it is clear they have occurred." Pl.'s Resp. In Opp'n to Def.'s Joint Mot. For Summ. J. at 3.  As its only evidence in the response that transfers had occurred, Tareco cites generally to an affidavit indicating the Steve Morriss Family Trust incurred tax liability in the amount of $184,503.  There is no elaboration on specific transfers in the affidavit or response, just supposition that transfers have occurred based on the tax liability.  For evidence of intent, another necessary element of Tareco's claim, Tareco generally cites the Brown affidavit and Lowry deposition without any specificity.[9]  As already discussed herein, the Brown affidavit contains supposition and legal conclusions, and the Lowry deposition has virtually no value whatsoever as evidence of transfers or intent to defraud.  Tareco's response ultimately amounts to a series of bare bones allegations and an unsubstantiated assertion that, while Tareco has no specific evidence to support its claims at this time, it will ultimately be able to provide evidence of transfers if allowed to proceed to trial.  Summary judgment is a tool designed to ensure cases with no evidentiary support or no genuine factual issues need not proceed to trial.  As such, the Fifth Circuit has articulated that "bare bones allegations are insufficient to withstand summary judgment because the party opposing summary judgment must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response." *Howard v. City of Greenwood, Miss.*, 783 F.2d 1311, 1315 (5th Cir. 1986).  Moreover, "[a]llegations that one [could] show certain facts at trial are simply insufficient under Rule 56(e)." *Id.*  Tareco's response did not point out specific factual disputes.  In fact, by admitting it could not point to any transfers of assets, it admitted there is no factual dispute in its response.  Tareco cannot rely on the Court to make its case for it.

---

[9]

Under Local Rule CV-56(b), responses to motions for summary judgment "should be supported by appropriate citations to proper summary judgment evidence."  General cites to wholly conclusory affidavits do not qualify as "appropriate citations to proper summary judgment evidence" under the Local Rules.

14

## <u>CONCLUSION</u>

For the reasons discussed herein, the Court finds the Report and Recommendation to be correct, and hereby adopts the conclusions therein.  Accordingly, Defendants' motion for summary judgment (Doc. No. 136) is GRANTED.

**SIGNED this 23rd day of April, 2008.**


_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE